Jiyoung Kym, Esq.    (SBN : 125974)
LAW OFFICES OF JIYOUNG KYM
3435 Wilshire Blvd., Suite 2600
Los Angeles, CA 90010
Telephone: (213) 386-0800
Facsimile:(213) 995-9898

Attorney for: MSC CA, LLC, a California limited liability company

**FILED**
DEC 28 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>Young Eun Woo<br><br>Debtor | CASE NO. 8:09-bk-19856-ES<br><br>Chapter 7<br><br>Adversary Case No. |
| Joshua Han, an individual; MSC CA, LLC, a California limited liability company; OROS INVESTMENTS, LLC, a California limited liability company; ISMD CO., LTD., a South Korean corporation; YUSEUNG MOOLSAN CO., LTD., a South Korean corporation,<br><br>Plaintiffs<br><br>vs.<br><br>Young Eun Woo and Young K. McLaughlin,<br><br>Defendants | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**<br>11 U.S.C. § 523(a)(2); 11 U.S.C. § 523(a)(4)<br>11 U.S.C. § 523(a)(6)<br>11 U.S.C. § 727(a)(2)(A);<br>11 U.S.C. § 727(a)(4)(A),(D);<br>11 U.S.C. § 727(a)(5);<br>11 U.S.C. § 727(a)(7) |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND FOR JUDGMENT

Plaintiffs, Joshua Han, an individual, MSC CA, LLC, a California limited liability company, OROS INVESTMENTS, LLC, a California limited liability company, ISMD CO., LTD., a South Korean corporation, YUSEUNG MOOLSAN CO., LTD., a South Korean corporation, allege as follows.:

Complaint to Determine Dischargeability of Debt    Page 1

## Parties and Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C.§1334.

2. This is a core proceeding pursuant to 28 U.S.C.§157(b) as to Defendant Woo, as to Defendant McLaughlin, this is a related case arising out of the same transaction.

3. Plaintiff Joshua Han is an individual residing in Orange County, California.

4. Plaintiff MSC CA, LLC, is a California limited liability company having its place of business in Orange County, California.

5. Plaintiffs ISMD Co., LTD. and Yuseung Moolsan Co., LTD. are respectively, a South Korean corporation.

6. Defendant Young Eun Woo is the Debtor in this case.

7. Defendant Kay Mc Laughlin is a sister to Debtor and partner in various transactions that gave rose to the claims of Plaintiffs herein.

## Count One

## Nondischargeability under 11 U.S.C. §523(a)(2)

8. Plaintiffs hereby incorporate paragraphs 1 to 7 above and each and every allegation therein by references if they are fully set forth.

9. Plaintiffs have entrusted more than three million dollars to Defendants and various entities controlled by Defendants for specific purposes in or about April and May 2007.

10. Defendants had obtained the trust of Plaintiffs and investments from Plaintiffs by false pretense, fraud and material misrepresentations.

11. Plaintiffs reasonably relied on the representation of Defendants in that they held themselves out as professionals experienced in the transactions.

## Count Two

### Nondischargeability under 11 U.S.C. §523(a)(4)

12. Plaintiffs hereby incorporate paragraphs 1 to 11 above and each and every allegation therein by references if they are fully set forth.

13. Defendant Woo acted as officers of various corporations to which Plaintiffs investment flowed into and was fiduciary to plaintiffs

## Count Three

### Nondischargeability under 11 U.S.C. §523(a)(6)

14. Plaintiffs hereby incorporate paragraphs 1 to 13 above and each and every allegation therein by references if they are fully set forth.

15. The debt owed by Defendant to Plaintiff arose because of willful and malicious injury by the debtor to another party to the property of another entity.

## Count Four

### Nondischargeability under 11 U.S.C. §523(a) (6)

16. Plaintiffs hereby incorporate paragraphs 1 to 15 above and each and every allegation therein by references if they are fully set forth.

17. Defendants Woo and her co-defendant willfully and maliciously harmed the property of Plaintiffs and Plaintiffs have not recovered any money from Defendants.

### Count Five

### Nondischargeability under 11 U.S.C. §727(a)(2)(A)

18. Plaintiffs hereby incorporate paragraphs 1 to 17 above and each and every allegation therein by references if they are fully set forth.

19. Plaintiffs are informed and believe are there on allege that the properties of defendant Woo was transferred to different entities controlled by Defendants.

### Count Six

### Nondischargeability under 11 U.S.C. §727(a)(4)

20. Plaintiffs hereby incorporate paragraphs 1 to 189above and each and every allegation therein by references if they are fully set forth.

21. Plaintiffs are informed and believe and thereon allege that Defendant Woo made false oath and statements in her bankruptcy schedules in this case and causes involving the entities under her control.

### Count Seven

### Nondischargeability under 11 U.S.C. §727 (a)(5)

22. Plaintiffs hereby incorporate paragraphs 1 to 21 above and each and every allegation therein by references if they are fully set forth.

23. Defendant Woo has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities. Plaintiffs and other creditors have scheduled the continued 341(a) meeting to ascertain more facts.

### Count Eight

### Nondischargeability under 11 U.S.C. §727(a)(7)

24. Plaintiffs hereby incorporate paragraphs 1 to 24 above and each and every allegation therein by references if they are fully set forth.

25. Plaintiffs are informed and believe and thereon allege that Defendant Woo committed the same deeds as described above in bankruptcy cases for entities controlled by Defendant Woo within six months from the date of filing this bankruptcy case.

WHEREFORE, for all counts, plaintiffs pray that the court determine that the debt of more than three million dollars, the exact amount of which will be ascertained later, is nondischargeable; that plaintiffs have judgment against Defendants for more than three million dollaors, the exact amount of which will be ascertained later; and that plaintiff have such other and further relief as is just, including reasonable costs and attorney's fees.

Date: December 28, 2009

Respectfully submitted,

By: _____
JIYOUNG KYM
Attorney for Plaintiffs

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 3435 Wilshire Blvd., Suite 2600, Los Angeles, California 90010.

On, December 28, 2009 I served the foregoing document(s) described as

**Complain to Determine Dischargeability of Debt**

on the interested parties to this action by the method indicated below addressed as follows:

**Stirling J. Hopson
LAW OFFICES OF STIRLING J. HOPSON
411 W. Lambert Rd., Suite 402
Brea, CA 92821**

☒ **BY MAIL:** By placing a true copy thereof in a sealed envelope(s) and causing them to be deposited in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid. I am readily familiar with our firm's practice of collection and processing correspondence form mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing affidavit.

☐ **BY HAND:** By delivering a true copy thereof in sealed envelopes to the office of the parties listed on the attached Service List.

☒ **BY TELECOPY:** By transmitting a true copy thereof via facsimile machine to the offices of the parties listed on the attached Service List. Transmission was reported as complete and without error.

☐ **BY OVERNIGHT (UPS):** By placing a true copy thereof in sealed envelope(s) and causing them to be collected for UPS delivery. The envelope(s) were sent with UPS fees therefore fully paid, with written instructions for "next-day" delivery.

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own personal knowledge.

☐ **FEDERAL:** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct of my own personal knowledge, and that I am employed in the office of a member of the Bar of this Court at whose discretion this service was made.

Executed on December 28, 2009 at Los Angeles, California.

_____
Rachel Jeon

FORM B104 (08/07)                                                           2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Joshua Han, an individual; ..... Continued | **DEFENDANTS**<br>Young Eun Woo and Young K. McLaughlin |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jiyoung Kym, Esq.<br>3435 Wilshire Blvd., Suite 2600, Los Angeles, CA 90010<br>Telephone No. : (213) 386-0800 | **ATTORNEYS** (If Known)<br>Stirling J. Hopson, Esq.<br>411 W. Lambert Rd., Suite 402, Brea, CA 92821<br>Telephone No. : (714) 257-3500 |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

**Plaintiffs Continued**

MSC CA, LLC, a California limited liability company, OROS INVESTMENTS, LLC, a California limited liability company; ISMD CO., LTD., a South Korean corporation; YUSEUNG MOOLSAN CO., LTD., a South Korean corporation,